2002 OK 28

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant.**

v.

**Twana Cherese SMITH, Respondent.**

**SCBD No. 4704.**

Supreme Court of Oklahoma.

April 16, 2002.

**ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Twana

Cherese Smith (Smith/attorney), pending disciplinary proceedings, the application reveals:

1) On April 4, 2002, the respondent submitted her written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) she was not subject to coercion or duress; and c) she was fully aware of the consequences of submitting the resignation.

3) The respondent states in her affidavit of resignation that she is aware of a grievance filed against her with the Office of the General Counsel of the Oklahoma Bar Association. The grievance is based upon charges that the respondent committed a felony in violation of 21 O.S. 2001 § 438—carrying into jail things to aid escape. Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A; Rules 8.4(b) and (c), Oklahoma Rules of Professional Conduct, 5 O.S.2001 Ch. 1, App. 3–A.

4) The respondent waives any and all right to contest the allegations outlined in the affidavit.

5) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and it should be approved.

6) The official roster address of the respondent as shown by the Bar Association records is: 305 W. Gore Blvd., Lawton, Oklahoma 73501.

7) No costs have been incurred by the Bar Association in the investigation of this matter.

8) The respondent acknowledges that her actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of her actions.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of TWANA CHERESE SMITH pending disciplinary proceedings be approved.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of TWANA CHERESE SMITH be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of her clients having legal business pending with her within twenty (20) days, by certified mail, of her inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of the reinstatement.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15th DAY OF APRIL, 2002.

ALL JUSTICES CONCUR.